(No. 24394.—

The People of the State of Illinois, Appellee, *vs.* The First National Bank of Chicago, Exr., Appellant.

*Opinion filed June 15, 1938.*

Orr and Farthing, JJ., dissenting.

Winston, Strawn & Shaw, and Defrees, Buckingham, Jones & Hoffman, (Frederick C. Hack, James H. Cartwright, Don Kenneth Jones, Vincent O'Brien, and John Merrill Baker, of counsel,) for appellant.

Otto Kerner, Attorney General, (James G. Skinner, Frank Pavek, and Ashley Greene, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellant, as executor of the last will and testament of James C. Curtis, has appealed from a judgment order of the county court of Cook county fixing an inheritance tax in the estate of James C. Curtis, deceased.

James C. Curtis died on June 6, 1936. There survived him, as his only heirs and next of kin, his sister, Julia Ann Dellbridge, and a half-brother, John C. Curtis. Julia Ann Dellbridge had then living a daughter, Grace Watson. The estate left by the testator, after making all proper deductions, amounted to $1,588,463.87. After making certain bequests he gave to appellant, the First National Bank of Chicago, as trustee, the residue of his estate, with directions as to distribution of the income between Grace Watson and John C. Curtis. The will then provided: "Upon the death of the last to survive of my said niece and my half-brother, the trustee shall transfer and convey all of the then principal of the trust estate in accordance with any valid provision with reference thereto contained in the last will and testament of my said niece." No gift over was made in default of appointment. After deducting the annuities provided by the will, and the value of the two life estates, the value of the remainder was fixed at $892,150.70. This is the property subject to the general power of appointment of Grace Watson. The county court assessed an inheritance tax upon the transfer of this remainder on the assumption that Grace Watson would exercise the power of appointment given to her, in favor of a stranger to the blood of James C. Curtis.

The questions involved in this case are identical with those involved in *People* v. *Metropolitan Trust Co. ante,* p. 84, concerning the estate of Herman Bloomquist, de-

ceased. The judgment of this court in that case is controlling here, and, for reasons stated in the opinion therein the judgment order of the county court in this case is reversed and the cause remanded, with directions to assess the inheritance tax in accordance with the views expressed in that opinion.

*Reversed and remanded, with directions.*

ORR and FARTHING, JJ., dissenting.